UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELIZABETH BARRETO,**

     **Plaintiff,**

**-vs-**                 **Case No.  6:10-cv-1952-Orl-GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

     **Defendant.**
_____

## MEMORANDUM OF DECISION

Elizabeth Barreto (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1.  Claimant argues that the final decision of the Commissioner should be reversed and remanded for an award of benefits because the Administrative Law Judge (the "ALJ") erred by: 1) failing to demonstrate good cause to give less than persuasive weight to the opinions of Claimant's treating psychiatrist, Dr. Susan Myers; 2) failing to demonstrate that the ALJ considered whether Claimant meets or functionally equals Listing 12.06 Anxiety Related Disorders at step-three of the sequential evaluation process; and 3) failing to properly assess Claimant's credibility.  Doc. No. 11 at 11-14, 16-18.  Claimant also argues that the Appeals Council erred by denying Claimant's request for review.  Doc. No. 11 at 14-16.  In the alternative to reversing for an award of benefits, Claimant requests reversal and remand for further proceedings.  Doc. No. 18 at 18.  For the reasons set forth below, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings because the ALJ

erred **by failing to demonstrate good cause to give less than persuasive weight to the opinions of Claimant's treating psychiatrist**.

I.     BACKGROUND.

Claimant meets the insured status request requirements under the Social Security Act through September 20, 2004.  R. 21.  From March of 2002 through October of 2003, Claimant was treated by Dr. Susan Myers, a psychiatrist, at Carolina Psychological Associates, LLP.  R. 658-77. On September 8, 2003, Dr. Myers offered the following opinion:

> I have been treating [Claimant] since March of 2002 for a major depressive disorder.  She was doing well until she had a return of her depressive symptoms in July of 2003.  She presented with anhedonia, decreased energy, inability to concentrate, and poor appetite with a loss of twenty pounds.  She also had irritability and anger problems at that time as well as frequent crying spells.  She states that a main aggravating factor for her depression has been a change in positioning at work.  She feels that she was not getting enough training and was having difficulty with her supervisor.  Her condition continues to deteriorate to the point where I took her out of work on August 5, 2003.
>
> As of our last visit on September 5, 2003, [Claimant] continued to have significant difficulties with depression.  At that point I felt that she needed to continue to remain out of work.  I do not feel at this point that she is capable of sustaining any type of employment.  It is my understanding that she was forced to resign from work due to the work situation.  I have recommended that she not try to obtain any further employment at this point until her depressive symptoms have resolved. . . .

R. 660.   Thus, Dr. Myers states that was doing well until July of 2003, when Claimant's depressive symptoms deteriorated. R. 660.  Dr. Myers opines that as of September 5, 2003, Claimant continued to have significant difficulties with depression and that she is not capable of sustaining any type of employment.  R. 660.

On April 12, 2006, the ALJ issued a decision finding Claimant not disabled. R. 19-27. Regarding Claimant's treatment at Carolina Psychological Associates, LLP, the ALJ states:

> Medical reports dated October 2001 to October 30, 2003, from Carolina Psychological Associates indicate the [C]laimant presented with complaints of chronic worrying, anxiety, decreased concentration, agitation, and decreased appetite. [Claimant] was prescribed psychotropic medication to treat her emotional problems. The [C]laimant was tearful and agitated. Her mood was depressed and anxious and her affect was restricted. The [C]laimant was diagnosed with major depressive disorder, recurrent, moderate, and generalized anxiety disorder. [Claimant's] global assessment of functioning was 40, which is indicative of major impairment of social and occupational functioning. She indicated that she was "doing better with Klonopin." On March 14, 2002, [Claimant] indicated that she was "looking for work." On April 30, 2002, the [C]laimant's mood was less depressed. On April 9, 2003, the [C]laimant was pleasant and cooperative. Her mood was euthymic and her affect was full and appropriate. On July 10, 2003, the [C]laimant indicated that she had a new job for four weeks as customer service representative. Also, she noted that she was looking for a new house. On August 18, 2003, the [C]laimant reported that she had resigned from work. On September 8, 2003, the record shows the [C]laimant had been in treatment for major depressive disorder since March 2002. On October 7, 2003, the [C]laimant reported that she is "physically okay."

R. 22-23. Regarding Dr. Myers' opinion, the ALJ states:

> As for the opinion evidence, on September 8, 2003, Susan Myers, M.D., from Carolina Psychological Associates opined the [C]laimant is not capable of sustaining any type of employment. Dr. Myers recommended that the [C]laimant not try to obtain any further employment at this point until her depressive symptoms have resolved. However, on March 21, 2002, [Claimant] reported to Dr. Myers that she was doing better with Klonopin. On April 30, 2002, Dr. Myers indicated that the [C]laimant's mood was less depressed. The doctor's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive.

R. 25. Thus, the ALJ gave Dr. Myers' opinion less than persuasive weight because: Claimant

reported that she was doing better on medication in March of 2002 and Dr. Myers' notes indicate that Claimant's mood was less depressed in April of 2002; and because opinion is not bolstered by or is inconsistent with the other evidence of record. R. 25.

## II.     ANALYSIS.

As set forth above, Claimant raises numerous issues on appeal. *See* Doc. No. 18 at 1-18. However, the Court finds that the first issue raised by Claimant, whether the ALJ erred by failing to demonstrate good cause for giving less than persuasive weight to Dr. Myers' opinion is dispositive of the case. The Commissioner maintains that the ALJ properly declined to give considerable weight to Dr. Myers' opinion because he determined that it was "'without substantial support from the other evidence of record.'" Doc. No. 12 at 12 (quoting R. 25). The Commissioner argues that Dr. Myers' opinion was not supported by own treatment notes, the other evidence of Claimant's mental health treatment, or the findings of the reviewing psychologists. Doc. No. 12 at 12-15.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. Jan. 24, 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the

reasons therefor. *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

In *Winschel*, the Commissioner argued that the ALJ did not err by failing to state the weight he gave to a treating physician's treatment notes and the reasons therefor because they did not constitute an "opinion." *Id*. at 1178-79. The Eleventh Circuit disagreed because the treatment notes contained "a description of Winschel's symptoms, a diagnosis, and a judgment about the severity of his impairments, and clearly constituted a 'statement[] from [a] physician . . . that reflect[s] judgments about the nature and severity of [Winschel's] impairment(s), including [Winschel's] symptoms, diagnosis and prognosis, what [Winschel] can still do despite impairment(s), and [Winschel's] physical or mental restrictions.'" *Id*. (quoting 20 CFR §§ 404.1527(a)(2), 416.927(a)(2)). Thus, the treating physician's treatment notes constituted an opinion. *Id*. The Eleventh Circuit noted that the ALJ only referenced the treating physician once and did not state the weight given to the treating physician's opinion. *Id*. The Eleventh Circuit reversed stating that "[i]t is possible that the ALJ considered and rejected these . . . medical opinions, but <u>without clearly articulated grounds for such a rejection, we cannot</u>

determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id*. (emphasis added).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).[1] Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Poplardo v. Astrue*, 2008 WL 68593, *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, 2008 WL 1848342, *5 (M.D. Fla. April 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). Otherwise, the Court would be left in a situation where it would have to impermissibly reweigh the evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.").

In this case, the ALJ's stated reasons for giving Dr. Myers' opinion less than persuasive

---

[1] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority.

weight are because she was doing better and was less depressed in March and April of 2002, and because Dr. Myers' opinion is not bolstered by the other evidence of record. R. 25. In her opinion, Dr. Myers specifically states that Claimant was doing well until July of 2003. R. 660. According to Dr. Myers, it was only after July of 2003, that Claimant's symptoms deteriorated to such an extent that she was no longer capable of sustaining any type of employment. R. 660. Thus, the first reason given by the ALJ is insufficient because it is entirely consistent with Dr. Myers' opinion. The second reason given by the ALJ for giving less than persuasive weight to Dr. Myers' opinion is too conclusory to demonstrate good cause. The ALJ simply states that Dr. Myers' opinion is "without substantial support from the other evidence of record." R. 25. The ALJ fails to articulate how the opinion is not bolstered by or is inconsistent with the other evidence of record. Accordingly, the Court finds that the ALJ failed to sufficiently articulate the reasons supporting his decision to reject Dr. Myers' opinion. *See Poplardo*, 2008 WL 68593 at *11 (failure to specifically articulate evidence contrary to doctor's opinion requires remand); *Paltan*, 2008 WL 1848342 at *5 (failure to explain how opinion was inconsistent with medical evidence requires remand); *Venette v. Apfel*, 14 F.Supp.2d 1307, 1314 (S.D. Fla. 1998) (a claimant's testimony that she can do some housework, light cooking, and light grocery shopping are minimal daily activities and do not constitute good cause to reject a medical opinion).[2]

---

[2] The Commissioner offers three detailed reasons not contained in the ALJ's decision to reject Dr. Myers' opinion. The Commissioner argues that Dr. Myers' opinion was not supported by his own treatment notes, the other evidence of Claimant's mental health treatment, or the findings of the reviewing psychologists. Doc. No. 12 at 12-15. The Commissioner's argument is rejected because the Commissioner is engaging in prohibited post-hoc rationalization to support the ALJ's decision. The Eleventh Circuit has recently reiterated that "a court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Commissioner of Social Security*, 2010 WL 2511385 at *3 (11th Cir. June 23, 2010) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974) (emphasis in original)). The Court must rely on the ALJ's consideration, or lack thereof, of the evidence and Dr. Myers' opinion, and the Commissioner may not posit his own reasons for the ALJ's action, whether or not the same is supported by some evidence in the record.

The Claimant requests that the Court reverse and award Claimant benefits. Doc. No. 11 at 18. However, the Court is mindful that it "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Therefore, it is impossible for the Court to determine whether the final decision is supported by substantial evidence or whether the evidence establishes beyond a doubt that Claimant is disabled. Accordingly, the Court finds that a remand for further proceedings is appropriate.[3]

### III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of Section 405(g) for further proceedings;

2. The Clerk is directed to enter judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on March 15, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Bradley K. Boyd, Esq.
1310 West Eau Gallie Boulevard, Suite D
Melbourne, FL 32935

John F. Rudy, III

---

[3] Because the ALJ's error requires remand, it is unnecessary to address the other issues raised by Claimant. .

U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida	33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia	30303-8920

The Honorable Arthur L. Conover
Administrative Law Judge
c/o Office of Hearings and Appeals
Charleston Federal Center
500 Quarrier Street, Suite 100
Charleston, WV 25301